## MORLET v. MAUS. *
### No. 16458.

Court of Appeal of Louisiana. Orleans.
Nov. 4, 1936.

Louis R. Hoover, of New Orleans, for appellant.

Hugh Morrison, M. C. Scharff, and H. L. Oulliber, Jr., all of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, Jules E. Morlet, alleging that he is the holder and owner of 29 promissory notes aggregating $1,424, which he secured for value and before maturity from E. C. Toussel, the payee, brought this suit against Mrs. Julia E. Maus, widow of John W. Dauer, the maker. Mrs. Dauer defended on the ground that plaintiff was not a holder in due course of the notes sued on, for the reason that the indorsement of the payee on the back of the notes was a forgery, and averred that there was a failure of consideration for which the notes had been issued.

There was judgment below in plaintiff's favor for $1,368, and defendant has appealed.

On the trial of the case, it was shown that Morlet had acquired the notes for a valuable consideration from E. C. Toussel, the payee, and that the father of E. C. Toussel, G. A. Toussel, acted as agent for E. C. Toussel in the transaction and indorsed the name "E. C. Toussel" on the back of the notes for his son.

It appears that E. C. Toussel was engaged in the contracting business in New Orleans; that he had made a contract to erect a building for the defendant; and that the promissory notes were executed by the defendant, to the order of E. C. Toussel in payment of the work to be performed by him under the building contract. The evidence also shows that G. A. Toussel, the father of E. C. Toussel, was in the habit of managing his son's affairs and had been given verbal authority by E. C. Toussel to sign checks, drafts, and other papers on behalf of his son.

E. C. Toussel testified that he had given his father the authority to endorse the notes in question to the plaintiff, and his father, G. A. Toussel, testified that he had such authority. At the time the father indorsed the notes, the son was not present.

The plaintiff testified that he knew both the father and the son and was aware of the fact that the father had signed the son's name on the back of the notes.

When the defendant sought to introduce proof, in an attempt to establish her defense concerning failure of consideration, an objection by counsel for plaintiff, to such evidence on the ground that plaintiff was a holder in due course before maturity, was sustained by the trial judge.

The question here presented for our determination is whether or not the indorsement of the name "E. C. Toussel" by G. A. Toussel is a valid indorsement.